United States District Court
Southern District of Texas

**ENTERED**

January 31, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD RAY MITCHELL (TDCJ #0721770), | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0030 |
| | § | |
| FOLASHADE ITUAH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Donald Ray Mitchell (TDCJ #0721770), has filed a civil rights complaint under 42 U.S.C. § 1983, concerning an incident that occurred during his confinement in state prison. The plaintiff is *pro se* and he has been granted leave to proceed *in forma pauperis* (Dkt. 5). The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

The plaintiff is currently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Darrington Unit, where the incident that forms the basis of his complaint occurred (Dkt. 1 at 2). The plaintiff explains that, as

an adherent of Islam, he is forbidden from consuming pork (*Id*. at 3-4). On January 18, 2016, prisoners at the Darrington Unit were served an evening meal consisting of "Beenies and Weenies" (*Id*. at 2). According to the plaintiff, the "Beenie Weenie" meal is "always served 'Pork Free'" (*Id*.). On this date, however, pork was included in the Beenie Weenie meal (*Id*.). According to a statement provided by Kelvin Goff, an inmate kitchen worker who was in charge of preparing the meal that day, pork was added to the sauce, which ordinarily was made with beef and beans, because there was a shortage of beef that day (*Id*. at 14). As a result of consuming pork, the plaintiff claims that he and other offenders "took ill," suffering nausea, vomiting, dizziness, and an upset stomach (*Id*. at 3).

The plaintiff complains that the second shift kitchen supervisor, Ms. Folashade Ituah, was told by two inmate kitchen workers (Samuel Walker and Kelvin Goff) that there was pork in the Beenie Weenie meal served on January 18, 2016, but that Ituah did not notify the inmates as required by prison policy (*Id*. at 2-3). On January 19, 2016, the plaintiff and other affected inmates met with Captain Sims, who was in charge of the kitchen, to discuss the situation. (*Id*. at 5). Although Sims told the inmates that Ituah did not know that there was pork in the meal (*id*. at 6, 14), the plaintiff has provided statements from Walker and Goff, advising that they told Ituah there was pork in the Beenie Weenies that day but that she did nothing to notify the inmates of the alteration in the usual menu, which constituted a violation of prison policy. (*Id*. at 14-15, 17-18).

Invoking 42 U.S.C. § 1983, the plaintiff claims that Ituah is liable for willfully violating his constitutional rights under the First and Eighth Amendments by allowing

pork to be served in the Beenie Weenie meal on January 18, 2016, with deliberate indifference to the plaintiff's religious beliefs. (*Id*. at 5-10). The plaintiff specifically seeks $50,000.00 in "nominal" damages and $50,000.00 in punitive damages from Ituah for the violation of his constitutional rights. (*Id*. at 10).

## II. STANDARD OF REVIEW

"A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint may be dismissed for failure to state a claim on which relief may be granted where, accepting all of his allegations as true, the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, however, a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. DISCUSSION

The plaintiff contends Ituah violated prison policy by failing to advise prisoners that there had been an alteration in the usual menu when pork was added to the Beenie Weenies, which were usually made with beef, and that she also violated the Eighth Amendment and his First Amendment right to practice his religious beliefs, which prohibit the consumption of pork. Taking all of his allegations as true, none of the plaintiff's asserted legal theories have merit.

The Fifth Circuit has held that the mere failure of prison officials to follow prison policy or rule does not amount to a constitutional violation. *Jackson v Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that failure to follow prison rules or regulations, alone, does not establish a constitutional violation); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that TDCJ's mere failure to follow an administrative rule violated his constitutional rights).

To the extent that the plaintiff claims that he became ill after consuming pork on one occasion, the Fifth Circuit has held repeatedly that a single incident of food poisoning "does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (citations omitted); *see also George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners.");

*Doolittle v. Jarvis*, 387 F. App'x 499, 500 (5th Cir. 2010) (per curiam) (rejecting allegations that amounted to one single incident of unintended food poisoning); *Hampton v. Blanco*, 299 F. App'x 460, 461 (5th Cir. 2008) (per curiam) (holding that an inmate's allegation that he was deprived of "a single uncontaminated meal is insufficient to set forth an Eighth Amendment violation").

Likewise, without minimizing the significance of his beliefs, the plaintiff's allegation that pork was served on one occasion in a meal that was supposed to be pork-free does not establish that he was deprived of his First Amendment right to practice his religious faith. *See Johnson v. Gilbert*, 263 F.3d 163, 2001 WL 803797, at *1 (5th Cir. 2001) (unpublished) (per curiam) (rejecting an inmate's claim that prison officials violated his constitutional right to the free exercise of religion when he was served meals containing pork after being placed on the "pork-free" list); *see also Eason v. Thaler*, 73 F.3d 1322, 1327-28 (5th Cir. 1996) (rejecting claims by Muslim prisoners who were not provided pork-free meals during a lockdown). Accordingly, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by the plaintiff, Donald Ray Mitchell (Dkt. 1), is **DISMISSED** with prejudice.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel,

P.O. Box 13084, Austin, Texas, 78711, fax: 512- 936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, this 31st day of January, 2019.

George C. Hanks Jr.
United States District Judge